[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-14270
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00239-CV-TWT-1

JAMES C. SCHUSTER,

                                        Plaintiff-Appellant,

                    versus

HENRY COUNTY, GEORGIA,
LINDA ANGUS,

                                        Defendants-Appellees.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------
**(June 10, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

    Plaintiff-Appellant James C. Schuster appeals the grant of summary

judgment in favor of his former employer, Defendant-Appellee Henry County, in

an action brought under section 1983, 42 U.S.C. § 1983, claiming Plaintiff's employment was terminated in retaliation for his exercising his First Amendment rights. No reversible error has been shown; we affirm.

Plaintiff was the Director of Finance for Henry County, and later Henry County's Finance Officer for the Special Purpose Local Option Sales Tax ("SPLOST") department. According to Plaintiff's complaint, Plaintiff's duties as Director of Finance included ensuring that disbursals from County accounts were in compliance with County policy, generally accepted accounting principles, and applicable law. Plaintiff claims he was demoted shortly after he challenged the propriety under County law of a $40,000 loan made to newly hired County Manager Linda Angus (provided for in her employment contract) and challenged also the accounting treatment of a monthly disbursal to Angus of $500.00. About the latter, Plaintiff argued that the disbursals should be characterized as salary and made subject to withholding tax unless Angus submitted receipts documenting actual expenses. Plaintiff also took issue with Angus's submission of meal reimbursement vouchers; Plaintiff contended these meals were not reimbursable under County policy. Plaintiff objected directly to Angus; he took his concerns also to a County staff attorney, other employees in the finance department, and the County Commissioner.

Two months after the start of Angus's employment, Angus transferred Plaintiff to the position of Finance Officer for SPLOST. Plaintiff characterizes this transfer as a demotion without cause. As SPLOST Finance Officer, Petitioner voiced objections to the use of funds outside the budgeting process approved by the Board of Commissioners. Petitioner was scheduled to present his concerns at a public meeting of the Board of Commissioners; he was removed from the meeting agenda. Petitioner's continued efforts to get this matter redressed were defeated when Angus informed Petitioner that his job had been "eliminated."

Plaintiff filed this section 1983 complaint alleging that his transfer to SPLOST and later termination without cause were done in retaliation for Plaintiff speaking out about matters of public concern, including illegal, unethical and inappropriate transactions involving County monies.[1] The district court concluded that no First Amendment protection applied.

To establish a claim of retaliation for protected speech under the First Amendment, a public employee must show, among other things, that the employee spoke as a citizen addressing a matter of public concern. See Garcetti v. Ceballos, 126 S.Ct. 1951, 1958 (2006). A government employee whose speech is made

---

[1]Plaintiff also asserted state constitutional claims. The district court declined to accept supplemental jurisdiction over these state claims; the state claims were dismissed without prejudice.

pursuant to official responsibilities enjoys no First Amendment protection upon which a retaliation claim may be founded. See Garcetti, 126 S.Ct. at 1960 ("when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); see also Battle v. Board of Regents for the State of Georgia, 468 F.3d 755, 760 (11th Cir. 2006). And whether the subject speech was made by the public employee speaking as a citizen or as part of the employee's job responsibilities is a question of law that the court decides. See Morris v. Crow, 117 F.3d 449, 455 (11th Cir. 1997).

Plaintiff's complaint described his job duties as Director of Finance to include responsibility "for ensuring that disbursals from County accounts were in compliance with County policy, generally accepted accounting principles, and applicable law." And in deposition testimony, Plaintiff explained why he continued to raise his concerns about Angus's financial transactions with the County:

> It is my job to make sure that the books are accurate, credible, so that when we publish financial statements, they are credible and that the public believes and it's properly reported to.

Plaintiff averred further:

> I have an obligation, a stewardship function in the nature of the job. I have an obligation as a CPA, as a finance director, as a professional, to make sure the transactions are classified properly so the records are accurate so they maintain the credibility in the public's eye.

The speech for which Plaintiff claims he suffered retaliation – complaints about the disbursement of County funds to Angus and the accounting treatment of those funds – falls within the umbrella of responsibilities Plaintiff identified as his job duties as Director of Finance. And these complaints were made in the context of his employment; we recognize that Plaintiff spoke at times outside his usual chain of command. In the light of Plaintiff's own statements about his job duties, together with the context in which Plaintiff sought redress of the irregularities of which he complained, we believe the district court concluded correctly that Plaintiff was speaking in his capacity as an employee pursuant to his official duties.

So too Plaintiff's complaints about the failure to amend the budget before reallocating and spending SPLOST funds fell within Plaintiff's responsibilities as SPLOST finance manager. Again, the district court concluded correctly that Plaintiff had a job duty to report improprieties to the Board, even if the discovery

of such improprieties was no part of the everyday job functions of the position. See <u>Battle</u>, 468 F.3d at 762 n.6.

Plaintiff seeks to impose a broad exception for high-level accountants from the constitutional analysis set out in <u>Garcetti</u> and its progeny. According to Plaintiff, a high-level accountant answers to an higher authority than his nominal supervisor: the public. But the Supreme Court recognized that a powerful network of legislative enactments are available to those who seek to expose wrongdoing; other checks exist on supervisors who might order unlawful or inappropriate acts. <u>Garcetti</u>, 126 S.Ct. at 1962. We see no basis for excepting accountants from the <u>Garcetti</u>-<u>Battle</u> analysis. Indeed, the Supreme Court rejected expressly in <u>Garcetti</u> "the notion that the First Amendment shields from discipline the expressions employees make pursuant to their professional responsibilities." 126 S.Ct. at 1962.

Because we conclude that Plaintiff's speech was speech as an employee performing his job, his allegation of unconstitutional retaliation must fail.[2]

AFFIRMED.

---

[2]In his reply appellate brief, Plaintiff waived his claim that he was retaliated against because of his blogging activity.